Craig WILSON and Johnny Bryant, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE and Communications Workers of America, AFL–CIO, Local 6508, Appellees.

No. 86–2408.

United States Court of Appeals, Eighth Circuit.

Submitted July 6, 1987.

Decided Sept. 9, 1987.

Craig Wilson, pro se.

Patricia J. Nobles, Little Rock, Ark., for Southwestern Bell.

John L. Burnett, Little Rock, Ark., for Communication Workers.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Craig Wilson appeals the district court's order granting Southwestern Bell Telephone Company's (Company) and Communication Workers of America, AFL–CIO, Local 6508's (Union) motions for summary judgment.[1] We remand the case to the district court for proceedings consistent with this opinion.

I

This case arises out of Wilson's efforts to contest the Company's work contracting policies which he alleges resulted in his being laid off from his position as a cable splicer. In particular, Wilson alleges that the Company violated the collective bargaining agreement by using outside contractors and that the Union breached its duty of fair representation by failing to file a grievance regarding the Company's practice as he requested.

On June 13, 1985, Wilson attended a Union meeting held to discuss the Company's outside contracting practices. During the

---

1. The other appellant in the case, Johnny Bryant, has since reached a settlement with the appellees, and the parties have submitted a stipulation for dismissal with prejudice to the court. We hereby accept the stipulation of the parties and dismiss Bryant's appeal.

meeting, Wilson requested Union President James Conner to file a grievance on behalf of the bargaining unit charging the Company with violating the collective bargaining agreement. Conner refused.[2]

On August 1, 1985, the Company laid Wilson off due to a "workforce surplus" in his job classification. On September 5, 1985, the Company announced a workforce "Surplus Agreement" with the Union. On October 3, 1985, Wilson requested the Union to formally grieve his lay-off. In response, Union President Conner informed Wilson that he would not file the grievance because it lacked merit and, in any event, the forty-five day limit for filing grievances contained in the collective bargaining agreement with the Company had passed.

Following the refusal, Wilson filed the instant action in federal court charging the Union with breaching its duty of fair representation and alleging that the Company had violated the collective bargaining agreement. In response, the Union brought a motion for summary judgment asserting that Wilson's claim arising out of the failure to file a grievance as requested at the June 13, 1985, meeting was barred by the applicable six-month statute of limitations, and that its refusal to file a grievance after the forty-five day deadline in the collective bargaining agreement was not a breach of its duty of fair representation. The Company also brought a motion for summary judgment restating the Union's arguments and asserting additionally that the suit was a "hybrid § 301" action and that because Wilson failed to show a breach of duty by the Union, the action against the Company must also fail.

The district court granted both motions holding (1) that Wilson's suit was a "hybrid § 301" action; (2) that the six-month statute of limitations of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), barred Wilson's claim arising out of the June 13, 1985, meeting; and (3) that, as a matter of law, the Union did not breach its duty of fair representation when it refused to file a grievance submitted to it beyond the deadline for filing in the collective bargaining agreement. Wilson appeals.

## II

Since this case comes to the Court on appeal from the district court's grant of motions for summary judgment, we must view the facts in the light most favorable to Wilson and give him the benefit of all reasonable inferences to be drawn therefrom. *See Umpleby v. United States*, 806 F.2d 812, 814 (8th Cir.1986). In addition, summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Under this standard, we hold that the district court erred in granting summary judgment.

In his deposition, Wilson testified that on at least one occasion prior to the expiration of the forty-five day contract limit he requested the Union to file a grievance challenging both his and Bryant's lay-off. This position is also reflected in Wilson's complaint. Under these circumstances, the district court erred in finding that there was no dispute as to the timeliness of Wilson's grievance request.

In addition, Wilson contends that apart from his own discharge, the Union breached its duty of fair representation in failing to file a grievance with respect to the Company's lay-off and part-timing practices as they apply to all those represented by the Union. The Union contends that it did not owe Wilson any duty to file such a grievance because Wilson was no longer employed by the Company at the time. In response, Wilson asserts that although he no longer worked for the Company, he continued to pay Union dues and to receive severance pay from the Company. Thus, Wilson contends that the Union had a continuing duty to present his grievance to the Company. Although we express no opinion as to the merits of this claim, it must be resolved by the district court on remand.

Accordingly, we reverse the decision of the district court and remand the case for a

---

2. In response to the appellees' motions for summary judgment, Wilson asserted that this meeting was held on June 28, 1985. In his brief to this Court, however, he admits to the June 13 date.

hearing to determine whether Wilson presented, in a timely fashion, a request that the Union grieve his lay-off. In addition, the district court shall determine whether the Union owed Wilson a duty to grieve the Company's alleged violation of the collective bargaining agreement if the action he seeks to challenge directly resulted in the lay-offs of other Union members.